**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

JORGE M. LOPEZTEGUI,

        **Plaintiff,**

v.                                                    **Civil action no. 3:07cv45**
                                                       **(Judge Bailey)**

WARDEN KEVIN J. WENDT, et al.,

        **Defendants.**

## REPORT AND RECOMMENDATION

On April 20, 2007, the pro se plaintiff, Jorge M. Lopeztegui, filed this action under the Federal Tort Claims Act ("FTCA"). On May 9, 2007, the plaintiff was granted leave to proceed *in forma pauperis*. This matter is before the undersigned for an initial review and report and recommendation pursuant to LR PL P 83.01, et seq., and 28 U.S.C. §§ 1915(e) and 1915(A).

### I.  The Complaint

The plaintiff is a federal inmate, who is currently housed at the United States Penitentiary in Marion, Illinois. His projected release date is May 23, 2026.[1] At the time he filed the complaint in this matter, he was incarcerated at USP Hazelton, which is located in Bruceton Mills, West Virginia. However, the events of which the plaintiff complains occurred while he was incarcerated at FCI Gilmer, which is located in Glenville, West Virginia.

The plaintiff's complaint alleges that on August 30, 2004, he mailed a Motion pursuant to 28 U.S.C. § 2255 from the mailroom at FCI Gilmer to the United States District Court for the Eastern

_____

[1]See Inmate Locator at www.bop.gov.

District of Wisconsin.  The complaint further alleges that on April 11, 2005, the plaintiff received an order from the District Court in Wisconsin dismissing his § 2255 motion.   Accordingly, the plaintiff alleges that he mailed an Application for Certificate of Appealability from the order dismissing his habeas petition to the District Court in Milwaukee.  The plaintiff maintains that the motion was hand delivered to Officer B. Spinks, on May 13, 2005, who took and delivered the motion to the prison's mailroom because inmates were restricted to their assigned housing units.  The complaint continues that on January 10, 2006, the plaintiff received  a notification that the court had not received anything from him.  Therefore, the plaintiff alleges that he mailed another Notice of Appeal with a copy of the first Certificate of Appealability .  On February 28, 2006, the Seventh Circuit Court of Appeals issued an order requiring the plaintiff to file a memorandum stating why his appeal should not be dismissed for lack of jurisdiction because it had not been filed with sixty days of entry of judgment as required by Rule 4(a) of the Federal Rules of Appellate Procedure.  The plaintiff alleges that he responded to this order on March 27, 2006, by filing a document entitled "Motion to Consider Rule (4) (a)-(5)."  In support of the motion, the plaintiff stated that he did file a Notice of Appeal/Certificate of Appealability on May 13, 2005.  However, because he did not realize the first motion was lost, he waited seven months to file again.  Finally, the plaintiff alleges that the Court of Appeals for the Seventh Circuit dismissed his Notice of Appeal for lack of jurisdiction.

As relief, the plaintiff is seeking $70,000 in compensatory damages as well as reasonable attorney fees and costs.  The plaintiff bases his request for damages on his assertion that the mailroom staff negligently lost or misplaced his original "motion" and breached their duty of care owed to him.

## II.  Standard of Review

Because plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious.  Pursuant to 28

U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). However, the Court must read *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520 (1972). A complaint which fails to state a claim under Fed. R. Civ. P. 12(b)(6) is not automatically frivolous. See Neitzke at 328. Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless,"[2] or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992). This includes claims in which the plaintiff has little or no chance of success. See Estelle v. Gamble, 429 U.S. 97, 106 (1976).

### III. DISCUSSION

The Federal Tort Claims Act (FTCA) is a comprehensive legislative scheme by which the United States has waived its sovereign immunity to allow civil suits for actions arising out of negligent acts of agents of the United States. The United States cannot be sued in a tort action unless it is clear that Congress has waived the government's sovereign immunity and authorized suit under the FTCA. Dalehite v. United States, 346 U.S. 15, 30-31 (1953). The provisions of the FTCA are found in Title 28 of the United States Code. 28 U.S.C. § 1346(b), § 1402(b), § 2401(b), and §§ 2671-2680.

The FTCA includes specific, enumerated exceptions in 28 U.S.C. § 2680. If an exception applies, the United States may not be sued, and litigation based upon an exempt claim is at an end.

_____

[2] Id. at 327.

<u>Smith v. United States</u>, 507 U.S. 197 (1993); <u>Dalehite</u>, <u>supra</u>.

In this particular case, the plaintiff claims that the staff at FCI Gilmer failed to process his mail in an orderly fashion, and that consequently, his original Application for Certificate of Appealability that was to be mailed on May 13, 2005 was lost or stolen, and as a consequence his appeal was eventually dismissed as untimely. However, Title 28 U.S.C. § 2680 (b) provides that the waiver of sovereign immunity by the United States does not apply to "[a]ny claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matters. <u>See</u> <u>Dolan v. United States Postal Service</u>, 546 U.S. 481 (2006); <u>Anderson v. United States Postal Serv.</u>, 761 F.2d 527 (9th Cir. 1985). Because this exception applies to all claims arising out of the loss of postal matter, and is not limited to the U.S. Postal Service, the exception applies to the alleged facts in this case. <u>See</u> <u>Ruiz v. United States</u>, 160 F.3d 273 (5th Cir. 1998)(postal exception applies to claim based on BOP's failure to deliver a prisoner's mail). Therefore, even if the Court accepts the plaintiff's allegations at face value[3], the complaint fails to state a claim for relief under the FTCA.[4]

---

[3]The undersigned has reviewed various documents filed in the plaintiff's § 2255 petition in the United States District Court for the Eastern District of Wisconsin. It is pertinent to note that the plaintiff's Application for Appeal, signed on January 10, 2006, and filed on January 13, 2006, makes no mention of mishandling of his "original" Application for Certificate of Appealability. Instead, in attempting to justify the untimeliness of his appeal, the plaintiff indicates that he sought assistance from another inmate , who the plaintiff did not realize was a BOP informant. That inmate was placed in the SHU, and the plaintiff did not get his legal material back until said inmate was removed from the prison. The plaintiff then went to the law library where "it was found that the limitation in which to file notice of appeal had in fact expired..." <u>See</u> 2:04-cv-00838-RTR (Doc. 10).

[4]Furthermore, to the extent that the plaintiff is seeking compensation for "undue stress, mental anguish, paranoid feelings, depression, anger, difficulty in getting to sleep, difficulty in staying asleep, and the inability to be happy," those claims would be barred even if the plaintiff had stated a proper claim for relief. Under the PLRA, no inmate may bring any civil action against the United States or an employee of the Government, for mental or emotional injury suffered while in custody without a prior showing of physical injury – whether he claims tort violation or constitutional violation. 42 U.S.C. § 1997e(e). <u>See</u>, <u>e.g.</u>, <u>Thompson v. Carter</u>, 284 F.3d 411 (2d Cir. 2002); <u>Harper v. Showers</u>, 174 F.3d 716 (5th Cir. 1999); <u>Oliver v. Keller</u>, 289 F.3d 623 (9th Cir. 2002); <u>Mitchell v. Brown & Williamson Tobacco Corp.</u>, 294 F.3d 1309 (11th Cir. 2002).

## IV. <u>Recommendation</u>

For the foregoing reasons, the undersigned recommends that the plaintiff's complaint be **DISMISSED WITH PREJUDICE**.

Within ten (10) days after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable John P. Bailey, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985): <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984), <u>cert. denied,</u> 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to her last known address as reflected on the docket sheet.

DATED: March 31, 2008


  /s/ James E. Seibert         
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE